## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael R. Campoli and Lauren J.C. Campoli,<br><br>        Plaintiffs,<br><br>v.<br><br>Anywhere Real Estate Inc., *a New Jersey Corporation*; Anywhere Integrated Services LLC, *a New Jersey Corporation*; Burnet Realty LLC*, a New Jersey corporation d/b/a Coldwell Banker Realty*; TitleNexus LLC, *a Minnesota company*; Brian Hoelscher, *an individual*; Deena Cole, *an individual*; TrustFunds LLC, *a Minnesota company*; Lynn Leegard, *an individual*; UBS Financial Services Inc., *a foreign bank*; UBS Bank USA, *a Utah corporation*; UMB Bank N.A., *a Missouri corporation*; Timothy Mundy, *an individual*; Matthew S. Baker, *an individual*; Anthony J. Maurer, *an individual*; Thomas Rehman, *an individual*; Mark D. Grieger, *an individual*; Chelsey R. Hagen-Byrd, *an individual*; Isaiah M. Byrd, *an individual*; Wexford Real Estate LLC, *a Minnesota company*; Joel A. Burger, *an individual*; Fairways and Greens, LLC, *a Minnesota company*; Jesse J. Bull, *an individual*; Lee A. Bull, *an individual*; Ryan J. Trucke, *an individual*; Brutlag, Trucke & Doherty, P.A., *a Minnesota corporation*; Matthew Sloneker, *an individual*; Lind, Jensen, Sullivan & Peterson, P.A., *a Minnesota corporation*; Lewis J. Rotman, *an individual*; Sachin J. Darji, *an individual*; Regional Multiple Listing Service of Minnesota, Inc., *a Minnesota corporation d/b/a Northstar MLS.*, and John/Jane Doe,<br><br>        Defendants. | File No. 24-CV-04481 (JMB/SGE)<br><br>**ORDER** |

1

Lauren Campoli, The Law Office of Lauren Campoli, PLLC, Minneapolis, MN for Plaintiffs Michael R. Campoli and Lauren J.C. Campoli.

Barry A. O'Neil and Nathan Zellmer Heffernan, Lomen Abdo, P.A., Minneapolis, MN, for Defendants Anywhere Real Estate Inc., Anywhere Integrated Services LLC, Burnet Realty LLC, Sandy Glieden, Matthew S. Baker, Anthony J. Maurer, Thomas Rehman, Mark D. Grieger, Chelsey R. Hagen-Byrd, and Isaiah M. Byrd.

Kelly Vince Griffitts, Griffitts Law Offices, Lake Elmo, MN, for Defendants TitleNexus LLC, Brian Hoelscher, and Deena Cole.

Christopher W. Boline and Lauren Janochoski, Felhaber, Larson, Fenlon & Vogt, PA, Minneapolis, MN, for Defendants Trust Funds LLC and Lynn Leegard.

Suzanne L. Jones and Mollie Buelow, Gordon Rees Scully Mansukhani LLP, Minneapolis, MN, for Defendants UBS Financial Services, Inc. UBS Bank USA, Whitney J. Ward, and Timothy Mundy.

Carmen-Marie Carballo and Michael A. Rosow, Maslon LLP, Minneapolis, MN, for Defendant UMB Bank N.A.

Craig T. Dokken and Mark V. Steffenson, Henningson & Snoxell, Ltd., Maple Grove, MN, for Defendants Wexford Real Estate LLC and Joel A. Burger.

Allison Dohnalek and Amy Slusser Conners, Best & Flanagan LLP, Minneapolis, MN, for Defendants Fairways and Greens, LLC, Jesse J. Bull, and Lee A. Bull.

Charles E. Jones, Bassford Remele PA, Minneapolis, MN, for Defendants Ryan J. Trucke and Brutlag, Truck & Doherty, P.A.

Mark Bradford and Elizabeth Euller, Bradford Andresen Norrie & Camarotto, Bloomington, MN, for Defendants Matthew Sloneker and Lind, Jensen, Sullivan & Peterson, P.A.

Timothy R. Schupp and Louis A. Behrendt, Meagher & Geer PLLP, Minneapolis, MN, for Defendant Lewis J. Rotman.

Andrew J. Pieper, Stoel Rives LLP, Minneapolis, MN, for Defendant Regional Multiple Listing Services of Minnesota, Inc.

Sachin J. Darji, Eden Prairie, MN, self-represented.

This matter is before the Court on Defendants' joint motion to dismiss Plaintiffs Michael Campoli's and Lauren Campoli's (together, Plaintiffs) Amended Complaint. (Doc. No. 212.) For the reasons explained below, the Court grants the motion.

## BACKGROUND

According to the Amended Complaint, in spring 2022, Plaintiffs sought to list their home in Deephaven, Minnesota, for sale. Plaintiffs engaged a real estate agent, Defendant Mark Grieger, who works with Defendant real estate brokerage Burnet Realty, also known as Coldwell Banker Realty (Coldwell), to act on their behalf. Grieger listed Plaintiffs' home.

On May 6, 2022, Plaintiffs entered into a written purchase agreement with potential buyers Defendants Jesse Bull and Lee Bull (Purchase Agreement), which contemplated a ten-day inspection period and required the Bulls to pay $100,000 in earnest money to the Plaintiffs "no later than two (2) Business Days after [May 6, 2022]," or by May 10, 2022. According to Plaintiffs, because the Bulls did not ever intend to actually purchase the home, the Bulls did not transfer the earnest money by the specified date, or ever. However, according to Defendant TrustFunds, LLC, an electronic earnest-money transfer service, the Bulls initiated the payment on May 9, 2022.

Ultimately, according to the allegations in the FAC, the Bulls did not meet a contingency contemplated by the Purchase Agreement. Plaintiffs allege that, because Coldwell, via Grieger, had never retained the Bulls's earnest money payment, neither Plaintiffs nor Coldwell had any means to enforce the contingency. Further, Grieger and his brokerage did not want to enforce the contingency because they were fixated on earning

3

their commission. Plaintiffs sought—but the Bulls refused—to cancel the Purchase Agreement due to the Bulls's failure to meet the contingency. Plaintiffs allege that the Bulls have thereafter wielded equitable title over their home while they—Plaintiffs—have continued to reside in it, and that the Bulls have attempted through various means (including setting up a "sham closing" and engaging in wire fraud) to extort money from Plaintiffs in order to quiet title.

In February 2023, Plaintiffs learned from a closing coordinator with Defendant Burnet Title that Grieger never uploaded the Purchase Agreement to their brokerage so that the brokerage's trust account could receive an earnest money transfer from the Bulls. As a result, according to that closing coordinator, it was impossible for any earnest money to have landed in Coldwell's trust account.

In May 2023, Plaintiffs filed suit against the Bulls in Hennepin County District Court. *Campoli v. Bull*, No. 27-CV-23-6625 (Minn. Dist. Ct. May 2, 2023). In their two-count Complaint, Plaintiffs alleged that the Bulls breached the Purchase Agreement and sought a declaration that the Purchase Agreement was fully cancelled under Minnesota Statutes section 559.217. *Id.*, Index #1. According to Plaintiffs, their "discovery efforts were laborious and costly" in this state-court action because it was infected by purposeful evasion and concealment efforts by the Bulls, their attorneys, and certain third parties from which Plaintiffs sought discovery (who are now Defendants in this action on account of such alleged litigation misconduct). Due to documents produced in third-party discovery in the state-court action, Plaintiffs came to believe that the earnest money transfer never occurred, that documents evidencing the purported transfer were forged by TrustFunds,

4

and that TrustFunds, Grieger, Coldwell, the Bulls, and all of these parties' attorneys (as well as several other Defendants) have engaged in a coordinated effort to cover up this forgery (among other misdeeds).

In September 2024, Hennepin County District Court Judge Joseph R. Klein ordered non-party Coldwell to deposit the $100,000 earnest money sum in escrow with the Court Administrator. *See Bull*, No. 27-CV-23-6625, Index #110. Coldwell complied. Since February 12, 2025, the parties' cross-motions for summary judgment have been under advisement. *Id.*, Index #143. The disposition of the $100,000 earnest money sum is expected to be resolved by the ruling on the cross motions for summary judgment.[1]

In December 2024, Plaintiffs filed this action. Plaintiffs assert fifty-seven causes of action against thirty-four individuals and entities that were either directly or indirectly involved in the attempted sale of Plaintiffs' home in 2022 and the subsequent state-court litigation (this includes the attorneys representing or advising such individuals and entities). The Amended Complaint asserts six claims arising under federal law (namely, the civil RICO statute, 18 U.S.C. § 1962, and the Lanham Act, 15 U.S.C. § 1125) and several dozen additional claims arising under state tort and contract law (for example, fraud, breach of contract, unjust enrichment, breach of fiduciary duty, and negligence).

## DISCUSSION

All Defendants now jointly move to dismiss the Amended Complaint on several

---

[1] In May 2025, Plaintiffs filed a motion to disqualify Judge Klein, *Bull*, No. 27-CV-23-6625, Index #182, which may further delay a decision on the summary judgment motions.

grounds, including that the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) should preclude the Court's exercise of jurisdiction over this matter when a concurrent state proceeding is ongoing; that Plaintiffs' federal claims (i.e., the civil RICO and Lanham Act claims) are not plausibly pleaded as required by Federal Rule of Civil Procedure 12(b)(6); and that the form of the Amended Complaint violates Federal Rule of Civil Procedure 8. (*See* Doc. No. 214.) The Court concludes that the Amended Complaint violates Rule 8.[2]

Pursuant to Rule 8(a)(2), a complaint "must contain[] a short and plain statement of the claim showing that the pleader is entitled to relief." This rule "was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) (citing Fed. R. Civ. P. 8(a)(2)). Applying Rule 8, courts in this district have repeatedly criticized "shotgun" or "kitchen-sink"-style pleadings. *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831–32 (D. Minn. 2012); *Gurman*, 842 F. Supp. 2d at 1153 (noting Rule 8 deficiencies in complaints "in which a plaintiff brings every conceivable claim against every conceivable defendant"). Such pleadings are "pernicious" because, among other things, they "shift[]

---

[2] On February 5, 2025, the Court held a status conference upon joint request from the Defendants to discuss the most efficient means by which the Defendants could present—and the Court could hear—their contemplated motions to dismiss. (Doc. No. 123.) Ultimately, the Court issued a briefing order requiring Defendants' motions to dismiss be presented in two phases: Phase I, in which Defendants could present their arguments related to Plaintiffs' claims arising under federal law and the Amended Complaint's compliance with Federal Rule of Civil Procedure 8; and Phase II, in which Defendants could present any other arguments permitted under Federal Rule of Civil Procedure 12. (*See* Doc. No. 125.) Defendants' Phase I arguments are before the Court in this motion.

onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Gurman*, 842 F. Supp. 2d at 1153. Because of Rule 8's mandatory nature, courts dismiss pleadings that violate its directives. *See, e.g.*, *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (affirming dismissal of pleading that was "unreasonably verbose, confusing, and conclusory"); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983) (affirming dismissal of complaint that was "needlessly long, repetitious and confused [sic]"); *Quinlan v. Wash. Cnty.*, No. 24-CV-2782 (PAM/ECW), 2024 WL 4287670, at *5 (D. Minn. Sept. 24, 2024) (dismissing 457-paragraph complaint for violating Rule 8 and permitting time to replead); *Brown v. Ludeman*, No. 11-CV-2859 (JRT/ECW), 2023 WL 4399079, at *4–6 (D. Minn. July 7, 2023), *report and recommendation adopted*, 2023 WL 5703194 (D. Minn. Sept. 5, 2023) (dismissing 84-page, 274-paragraph complaint, without prejudice, because it set forth "largely conclusory causes of action that incorporate every preceding paragraph," which puts a burden on the court "to select the relevant material from a mass of verbiage" (quotation omitted)); *Naca v. Macalester Coll.*, No. 16-CV-3263 (PJS/BRT), 2016 WL 5842771 (D. Minn. Sept. 30, 2016) (striking 81-page, 250-paragraph complaint that lacked "simple, concise, and direct" allegations); *Gurman*, 842 F. Supp. 2d at 1151 (dismissing 60-page, 250-paragraph complaint, which was "neither concise nor clear, and that [wa]s littered with frivolous allegations," for failing to comply with Rule 8).

Here, Plaintiffs' Amended Complaint is not short. Rather, it spans 415 pages (901 pages if counting the 115 appended exhibits) and 1,810 paragraphs (many with

subparagraphs), is divided into six "chapters," and includes numerous screen clips from appended exhibits. (*See generally* FAC.) Plaintiffs assert fifty-seven claims against thirty-four defendants. (*See id.*) Conclusory editorial comments often accompany Plaintiffs' factual allegations, and entire sections of the FAC attempt to relitigate perceived discovery violations and other conduct that occurred in the state-court action. (*Id.* ¶¶ 1276–1329.)

The Amended Complaint here is much like the nonviable complaint in *Naca v. Macalester College*. In that case, the plaintiff alleged that she was terminated from her position as a professor at Macalester College after having engaged in a sexual relationship with a student or alumna. 2016 WL 5842771, at *1. The Court dismissed the complaint, which spanned 81 pages and 250 paragraphs and asserted twenty-six claims, for violating Rule 8. *Id.* The Court observed that the pleading "d[id] not come close to complying with Rule 8['s]" requirement that pleadings be "simple, concise, and direct" because it "sets forth in numbing detail just about every slight that [plaintiff] alleges she suffered during her tenure at Macalester," and was "rife with purple prose and personal invective." *Id.* The Court permitted the plaintiff to replead, but admonished that "[c]omplaints are not briefs; they are not press releases; they are not vehicles for venting personal outrage or bludgeoning an opponent into submission." *Id.*

Here, the Amended Complaint is more than five times the length of the complaint in *Naca* (eleven times if counting the appended exhibits). It, too, is "rife with purple prose

and personal invective."[3] *Id.*; *see also Yates v. Skinner*, 748 F. Supp. 3d 666, 674 (S.D. Iowa 2024) (characterizing 165-page pleading that implicated twenty-one defendants in fifteen claims as an impermissible "novel-length complaint").

Nevertheless, Plaintiffs insist that the Amended Complaint does not violate Rule 8 because "the complexity, scope, and breadth of the misconduct," paired with the heightened pleading standard required for RICO claims, justifies the length of the Amended Complaint.[4] (Doc. No. 219 at 42–43.) The Court disagrees. Viable RICO claims—some asserting wrongful conduct spanning many years of alleged misconduct—are regularly brought in this District via pleadings that are at least half of the length of the Amended Complaint. *See, e.g.*, *ASI, Inc. v. Aquawood, LLC, et al.*, No. 19-CV-0763 (JRT/DTS), Doc. No. 284 (D. Minn. May 17, 2021) (comprising 121 pages of factual allegations and asserting eight causes of action in support of multinational business racketeering claims); *Lib. Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A.*, No. 14-CV-2651 (SRN/HB), Doc. No. 1 (D. Minn. July 2, 2014) (comprising eight pages of factual allegations and asserting eight causes of action in support of insurance-billing RICO

---

[3] Many dozens of the factual allegations in the FAC are adorned with personal, non-factual, and non-legal editorializing. This violates the requirement in Rule 8(d)(1) that each allegation be "simple, concise, and direct."

[4] Plaintiffs also assert that the cases to which Defendants cite are distinguishable because the pleadings in those cases were drafted by non-lawyers. (Doc. No. 219 at 43.) However, this distinction cuts against Plaintiffs because pleadings drafted by non-lawyers "must be held to less stringent standards than formal pleadings drafted by lawyers." *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quotation omitted). Plaintiff Lauren Campoli, who is representing Plaintiffs in this action, is a practicing lawyer to whom the more-stringent "standards [for] formal pleadings drafted by lawyers" applies.

claims); *Allstate Ins. Co. v. Linea Latine De Accidentes, Inc.*, No. 09-CV-3681 (JNE/JJK), Doc. No. 34 (D. Minn. June 4, 2010) (comprising 51 pages of factual allegations and asserting eleven causes of action in support of no-fault insurance billing RICO claims); *In re Nat'l Arbitration Forum Litig.*, No. 09-CV-1939 (PAM/JSM), Doc. No. 91 (D. Minn. Oct. 13, 2009) (comprising thirty-six pages of factual allegations and asserting ten causes of action in support of consumer-debt RICO claims).

The Court will provide Plaintiffs with an opportunity to file a shorter, more concise complaint that complies with Rule 8. When re-pleading, Plaintiffs should be mindful of both the reasons for dismissal noted *supra* in this Order and counsel's obligations under Rule 11 to reasonably investigate each and every one of Plaintiffs' claims, to research the relevant law, to plead only viable claims, and to ensure that each claim—as asserted against each defendant—is not brought for an improper purpose.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendants' joint motion to dismiss (Doc. No. 212) is GRANTED as follows:

1. Plaintiffs' Amended Complaint (Doc. No. 8) is DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8.

2. If Plaintiffs wish to continue to litigate their claims in this Court, they must file a second amended complaint that complies with the directives set forth above on or before **August 4, 2025**.

Dated: July 3, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court